

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 28, 1972

Honorable Bevington Reed
Commissioner of the Coordinating
    Board
Texas College & University System
P. O. Box 12788, Capitol Station
Austin, Texas  78711

Opinion No. M- 1081

Re: Authority of the Board of
    Trustees of Kilgore College
    District to provide for in-
    terior redistricting of the
    district in order that trus-
    tees may be elected accordin
    to population.

Dear Dr. Reed:

        You have requested this office to render an official opinion concerning the authority of the Kilgore Junior College District to subdivide the district and elect members to the Board of Trustees from within each one of these sub-districts instead of electing all of the trustees from the entire district at large.

        Specifically, your question is as follows:

        "Does the Board of Trustees have the au-
    thority to provide for interior redistricting
    of the district in order that trustees may be
    elected according to population?"

        You have stated in your letter that prior to September 1, 1969, the Board of Trustees of Kilgore Junior College District, acting under provisions of Section 51.072(h) of the 1969 codification of the Texas Education Code\*, adopted the laws pertaining to Junior College Districts of Texas.

        Numerous amendments to this Code were enacted by the 62nd Legislature in 1971.  Included in these changes was the renumbering of many of the Sections of the 1969 codification.  Those portions of

---

\* This first codification of the laws on education was enacted in
   1969, effective September 1, 1969.  Acts 61st Leg., 1969, R.S.,
   ch. 889, p. 2735, H.B. 534.

-5288-

the 1969 codification with which we are concerned were carried forward by the 1971 amendments verbatim under different Section numbers. We will hereinafter use the new Section numbers in making references to the provisions of the Code which we consider.

You have enclosed with your letter a proposed resolution which would subdivide the district into geographical areas of approximate equal populations. The proposed resolution provides that trustees elected from each of the districts shall be residents of the district in which they are elected. This resolution states that the Board of Trustees of Kilgore Junior College District is now comprised of nine persons. The stated need for the proposed resolution is predicated upon the purpose of complying "with decisions of the United States Supreme Court which require that trustees should be elected in proportion to population."

Avery v. Midland County, 394 U.S. 474 (1968) applied the one-man, one-vote principle to county governments in Texas. The holding was restricted, however, to the following, (p. 485)

> "Our decision today is only that the Constitution imposes one ground rule for the development of arrangements of local government: a requirement that units with general governmental powers over an entire geographic area not be apportioned among single-member districts of substantially unequal population."

Hadley v. Junior College District, 397 U.S. 50, 252 L.Ed.2d 45, 90 S.Ct. 791 (1970) holds that a Junior College District is a "unit with general governmental powers", and that it meets the criterion set out in Avery. However, neither of these cases stands for the proposition that at-large elections are unconstitutional per se.

Whitcomb v. Chavis, 403 U.S. 124, 29 L.Ed.2d 563 (1970) holds that multi-member districts are not inherently invidious or violative of equal protection. At-large elections are not, per se, unconstitutional, but the test is whether or not there is an invidious discrimination against a minority group. Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554 (1967).

In the absence of a finding that there exists an invidious discrimination against some minority group in at-large elections of Trustees to the Board of the Kilgore Junior College District--in a

direct attack on the constitutionality of Section 130.082(f) of the Texas Education Code--the statute is controlling.

Section 130.082 is captioned,

"Governing board of junior college of other than independent school district."

Section 130.082(h) reads as follows:

"Notwithstanding anything in this code to the contrary, the provisions of all or any part of the laws of this state in effect immediately prior to the effective date of this act and relating to the name of any junior college district or the name of its governing board, or to the number of members of its governing board, or the procedures and times of electing or choosing said members, shall remain in effect under the following conditions. If, at any time before the effective date of this act (but not thereafter), the governing board of any junior college district shall specify by resolution or order the particular provisions of the aforesaid laws applicable to it which it desires to remain in effect, then such particular provisions shall continue to apply to said board and its district; provided that at any time thereafter the governing board may make this section in its entirety applicable to it and its district by appropriate resolution or order, and thereby permanently cancel the effect of the aforesaid particular provisions of other laws. All resolutions and orders permitted by this section shall be filed immediately with the Coordinating Board, Texas College and University System."

Prior to September 1, 1969, the Board of Trustees of Kilgore Junior College elected to avail itself of this option and to retain the number of trustees and the manner of their selection on its Board of Trustees in accordance with its previous operations. The Board of Trustees consisted of nine members and has continued to operate with nine members by virtue of the Board's action.

Section 130.082(f), in its relevant portion reads as follows:

"Members of a board shall be elected at large from each junior college district at regular elections to be called and held by the board for such purpose, at the expense of the district, on the first Saturday in April, in each even-numbered year. . . ."

The precise question for our decision may thus be restated:  Do the provisions of Subdivision (h), supra, which authorize board members to be selected in a manner different from the provisions of the Act, empower the board to make additional changes after the effective date of the Act, September 1, 1969?

It appears that the legislative intent was to create uniformity among the various junior college districts of the same class.  Although the Legislature saw fit to permit an existing Junior College District to continue to operate under preexisting laws, we do not perceive that it was the intention of the Legislature to allow or permit any given Junior College District to change its mode of operation after September 1, 1969, except in strict compliance with the terms of the Education Code.  It is our opinion that it was the intention of the Legislature that Junior College Districts, after September 1, 1969, should operate as they were operating on that date or in accordance with the terms of the Education Code, and no other.

Stated another way, it is our opinion that when the Trustees of the Kilgore Junior College District elected to continue operating as they had before the adoption of the Education Code, their method of operation thereby became frozen and could not thereafter be changed, except they could elect to abandon all deviations from the particular provisions of the Education Code and operate in toto under that Code.

We conclude under the facts presented that the Board of Trustees of Kilgore Junior College does not have the authority at this time to provide for interior redistricting of the district in contravention of the requirement of at-large elections of Trustees pursuant to Article 130.082(f), Texas Education Code.

### S U M M A R Y

The Board of Trustees under the circumstances and facts presented does not have authority to provide for internal redistricting of the Kilgore

Junior College District at this time in contravention of Article 130.082(f) of the Texas Education Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert Gauss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Richards
Lewis Jones
Jack Goodman
William Craig

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant